*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re EPPS/RAND, Minors.

UNPUBLISHED
January 14, 2020

No. 349661
Wayne Circuit Court
Family Division
LC No. 16-523482-NA

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her minor children, SMR1, SMR2, SMKE1, SMKE2, SMKE3, and SMKE 4, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), MCL 712A.19b(3)(g) (failure to provide proper care and custody), MCL 712A.19b(3)(j) (reasonable likelihood that the child will be harmed if returned to parent), and MCL 712A.19b(3)(k) (the parent abused the child or a sibling of the child). We affirm.

## I. STATUTORY GROUNDS FOR TERMINATION

Respondent first argues that the trial court erroneously found clear and convincing evidence existed to terminate her parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (k). We disagree.

This Court reviews a trial court's finding that grounds for termination have been established under the clearly erroneous standard. MCR 3.977(K); *In re Rood*, 483 Mich 73, 90-91; 763 NW2d 587 (2009). A finding is clearly erroneous when, although there is evidence to support it, this Court is left with the definite and firm conviction that a mistake has been made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). A trial court's decision must be more than maybe or probably wrong in order for this Court to determine that it is clearly erroneous. *In re Sours Minors*, 459 Mich 624, 633; 593 NW2d 520 (1999). This Court gives deference to the special opportunity of the trial court to judge the credibility of the witnesses who appear and testify before it. MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

-1-

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

The trial court first found that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(c)(*i*). Termination is appropriate under MCL 712A.19b(3)(c)(*i*) where clear and convincing evidence establishes:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that lead to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Four of the minor children came under the trial court's jurisdiction in November 2016. The fifth minor child came under the trial court's jurisdiction in February 2017, and the sixth minor child came under the trial court's jurisdiction in December 2017. All of the minor children were brought under the trial court's jurisdiction because respondent lacked suitable housing for herself and her minor children, the minor children had witnesses domestic violence between respondent and the children's father, and respondent struggled with substance abuse. In fact, at least one of the minor children tested positive for THC at birth. Additionally, respondent had been the subject of multiple prior investigations by child protective services (CPS), a divison of the DHHS, at least two investigations were substantiated. Although respondent had been previously offered services by the DHHS, none were completed successfully.

At the time of termination in May 2019, four of the minor children had been removed from respondent's care for 30 months, one of the minor children had been removed from respondent's care for 27 months, and one of the minor children had been removed from respondent's care for 17 months. In that time, four of the minor children were returned to respondent's care. However, that reunion was short lived. Following another CPS investigation involving improper supervision, neglect, and an unfit home, the four minor children were again removed from respondent's care. Moveover, throughout the pendency of this case, respondent failed to maintain suitable housing for all six of her minor children, was involved in phsycial fights in front of the minor children, and failed to participate in the majority of her required drug screenings. Additionally, respondent failed to maintain employment, failed to participate in required infant mental health services, and was investigated for welfare fraud.

Based on the foregoing, we conclude that the trial court did not err in finding that clear and convincing evidence established that conditions leading to the adjudication continued to exist, and therefore statutory grounds existed to terminate respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*).

Because the trial court properly found that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), this Court need not address respondent's additional challenges to termination of her parental rights under MCL 712A.19b(3)(c)(*ii*), (g), (j), and (k). *In re Ellis*, 294 Mich App at 33.

## II. BEST INTERESTS

Respondent also argues that it was not in the best interests of her minor children to terminate her parental rights. Again, we disagree.

A trial court's finding that termination of a respondent's parental rights is in the best interest of the minor children is reviewed by this Court for clear error. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

"Once a statutory gound for termination has been proven, the trial court must find that termination is in the child's best interest before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App at 35. See also MCL 712A.19b(3)(5). The inquiry should focus on the child, not the parent. *In re Moss*, 301 Mich App at 76. "[W]hether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence." *Id*. at 87. "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). Factors appropriately considered by the trial court include "the child's bond to the parent, the parent's parenting ability, [and] the child's need for permanency, stability, and finality. . . ." *In re Olive/Metts*, 297 Mich Ap pat 41-42 (citation omitted).

In determining whether the termination of respondent's parental rights was in the minor children's best interests, the trial court stated:

> The Court also finds it in the [minor children's] best interests . . . to terminate—uh—their mother's parental rights as . . . there's still the same issues that have not been rectified—uh—as far as with inappropriate housing. Uhm— she not [sic] completing drug screens. And . . . she hid this pregnancy for 22 weeks, and . . . it seems that she tried to terminate the pregnancy, based on the evidence that was pre—presented. So . . . with that the Court finds in the best interests to terminate her parental rights as to all of these children.

We conclude that these findings are supported by a preponderance of the evidence. As discussed, respondent mother failed to obtain suitable housing, failed to maintain employment throughout this case, refused to submit to drug screenings, and continued to engage in violent behavior. Indeed, respondent had been arrested for her involvement in a physical fight with another woman the weekend before the termination hearing. Although respondent had developed a bond with some of the minor children, she had failed to develop any sort of bond with her daughters. The minor children appear to have some behavioral issues, and are anxious

when visiting respondent. With respect to the pregnancy referred to by the trial court, respondent had given birth to a seventh child towards the end of this case. That child was born at 22 weeks gestation, after respondent had attempted to abort the pregnancy using nonprescribed abortion pills she had received from a friend.

Respondent's minor children are entitled to stability, consistency, and finality, which based on the foregoing, respondent is incapable of providing. In comparison, all six minor children are bonded with their foster families, and five are preadoptive. Thus, we conclude that the trial court did not clearly err in finding that terminaton of respondent's parental rights was in the best interest of the minor children.

Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen

-4-